Good morning, Your Honors. My name is Frank Jordan. I am counsel here on behalf of the defendant appellant, Tokio Marine America Insurance Company. I present to us an interlocutory admiralty appeal which presents a narrow but an important issue, and that is whether a maritime insurance policy's unambiguous one-year suit clause is enforceable under federal maritime law and the party's choice of law clause contained in that policy. The district court below held that this insurance contract was a marine contract on two separate occasions. Yet, it declined to apply maritime law and it rewrote the contract to add an additional condition precedent to the notice of suit which did not exist. And in our opinion, that ruling should be reversed. As a starting point, the policy has undisputed maritime character. It's an ocean marine cargo policy with a warehouse endorsement. As I said earlier, the court held twice it was a maritime contract. Once on the availability of jury, it held that any and all causes of action arising out of the contract were maritime. The problem you have here that the district court said, among other things, that in her view, enforcing the clause would be pretty unreasonable because the records seem to show that your client dragged its feet, did an incomplete examination, was nowhere near completion of its responsibilities within the year. So if your interpretation is true, you can defeat lots of claims simply by dragging your feet and doing a poor job. Your Honor, respectfully, I would disagree that our client did any sort of feet dragging. There was an adjustment process that took place. There was an inventorying of hundreds of thousands of items. That inventorying process was a cohesive operation with both the Assured, with the insurance company, and with a chosen third-party vendor who did the adjustment. Do you have three different entities involved in this and the numbers kind of didn't all add up and there was all kinds of confusion? That is correct, Your Honor. And to say that we dragged her feet, I just don't think that is correct. And I would also say that a continued adjustment of a claim is not any sort of a waiver or an extension of a time bar or a suit clause in an insurance policy. What were they to sue over if they didn't know how much, if there was no clarity at all on which of these goods was damaged and lost and which weren't? Your Honor makes a very interesting point. And despite the fact that I disagree with the district court's ruling premised around Executive Plaza against Peerless Insurance Company about this condition preceding, even if you go with that idea, that the court's, district court's idea, the court said that our breach of the insurance policy was the, quote, unquote, flawed inventorying process, which, again, we reject, but taking that as true, that inventorying would have been completed on March 12th, 2020. Now, between March 12th, 2020 and February... If they insisted it sued within the limitations period, you would have argued this isn't ripe yet, the process is ongoing? They have the right to. Preemptive suits are a regular, especially in maritime law, where you have, for example, I personally, Your Honor, do a lot of COGS work. COGS has a one-time, a one-year suit time bar from when... Let's say for the moment that New York law applies. And I understand the argument that it might not, but let's say we're looking at Executive Plaza. How do we get to your conclusion that Exist could have brought the suit within the one-year period? How we would get there is the district court held that the breach of the policy was the faulty adjustment, right? That was done by Belfour. That was... Completed within a year. I apologize, Your Honor. Adjustment wasn't completed within a year. It was completed within a year. The count was done and the items were destroyed by March 12th, 2020. And between March 12th, 2020 and until they brought suit, there was a dispute about counts and what had gone and what were responsibilities. So it was the count, then the count was provided to Exist? Correct. So it had the count and knew that your client had come up with a number of damaged goods that was much lower than the one that they had on their inventory and that that was an active dispute? That was an active dispute and that's what the district court held. So I would argue that from at least that very date, Exist could have filed suit and that would have brought them to March 12th, 2021. And they still don't file suit until March... I'm sorry, February 28th of 2022. So even going with the district court's analysis under New York law, they still had that opportunity. No opportunity was ever removed from Exist to bring suit. And there are two things that you'll never... This is a large record. It's probably not the largest record Your Honor has ever seen, but it's 1,500 pages. And is Executive Plaza about ripeness or is it about whether there's a condition precedent in the contract? I would argue condition precedent. I just don't think Executive Plaza is persuasive or even appropriate because it had two portions of insurance. It insured for damage, but then it also insured for reimbursement of replacement. So the claimant therein had two pieces of insurance. They were paid for their damages, and then they wanted to be paid for replacement costs, but the replacement costs could not be... I apologize. The policy stated that the replacement could not be reimbursed until the construction was completed. And the court held that it was unreasonable to hold them to a two-year requirement to have to rebuild the building within two years. There's no such requirement in this policy. It's one year from the claim. I have a question about admiralty jurisdiction. Yes. We have cases in our court, anti-mutual, Balfour line of cases, that say that there's a threshold question about whether the issue presented is maritime in nature. What would you have to say about those cases? I would say... The issue here, I mean, I suppose it's debatable, but the issue here seems to be not land-bound, I guess. You know, it happened in a warehouse that was flooding water, not related to the seas. Well, there's a couple of things I was hitting on. Number one is the contract itself. The contract itself is a marine insurance contract. The premium is all marine. Yeah, and I think our test looks to the entire contract. As I read it, the threshold inquiry is the issue. I'll bring Your Honor to the record A1103. That was on an Exist Summary Judgment Submission where they say that Exist is our wholesalers of clothing, distributors who purchase clothes overseas and transport them via vessel. So therefore, there is a maritime nexus to this policy via the insured's business. And in Kirby, the United States Supreme Court case, the criterion is a reference to maritime service or transaction. And that's what we have just by the nature of the insured in itself. So it doesn't necessarily mean that it has to have happened or occurred on the sea. There still is a continuation of transportation, regardless of a warehouse endorsement and policy. Thank you. And you've reserved three minutes. I have reserved. Thank you, Your Honors. Good morning. May it please the Court. My name is Justin Loveland. I represent the respondent or appellee Exist, Inc. This case is about an unreasonable and unenforceable limitations period in an insurance policy, which is a contract that was breached by Tokyo Marine by layering on conditions that the policy never required and then unilaterally reducing its payment obligation. This Court should have filed this case and confirmed the District Court's holding, the District Court's decision in its entirety, because the District Court effectively did four things right. They properly applied New York State law to Exist's contract claim. She properly found that the limitations period in the policy was unreasonable in requiring that suit be brought within one year, although it was legally unrighteous. But you'd finish the inventory well within the one-year period, hadn't you? The final payment was not made until July of 2021. So it was still not clear what Exist's damages were at that point. Aren't there a good number of cases under New York law that instruct that the insured can seek an extension of the limitations period or needs to bring suit once it's understood that there's a conflict? Part of the policy behind the controlling precedent of executive plaza versus peerless is to try to resolve the matters before litigation. And so Exist was trying to work with its insurer to resolve the issue prior to litigation. The court said that they could not have sued and in fact dismissed as unright before the items had been replaced because that was kind of the book for the contractual obligation of the insurer. That doesn't seem to be the case here. You can file a protective suit. You had, I think in March, the first inventory was provided to you and that process continued for a while after that. And so you could have sought a waiver, asked for an extension, filed a protective suit. You did none of those things. Question mark. I'm sorry, I'll just go back to the reasonableness of doing that. It's not fair or reasonable to require a suit within the limitations period when the claim would have been Exist-Tokyo Marine never says that they are not going to move to dismiss based on prematurity of the suit. This is the exact fact pattern under the peerless case. Peerless talks about another case, Blitman, which involved a one-year period. And it said that this was consistent with that because there the insurer could have filed a protective suit, which seems pretty similar to the situation here. Blitman involved a 12-month suit limitation and another case in which there wasn't a finalization of an investigation of the claim. Part of the issue here is that it's Tokyo Marine's own conduct, right? That induced Exist to delay in bringing the suit. So we're effectively arguing as well that they have waived this limitations period or they should reasonably be stopped from asserting this. Specifically, what conduct are you referring to? I'm referring to the one-year limitations period. The what? The limitations period in the notice of suit provision. I thought you said, and correct me if I'm wrong, that Tokyo Marine induced you to wait beyond the one-year period. Is that your argument? Yes, that they induced us to delay. How did they do that? By not adjusting the claim fully. We were trying to work Exist, provide all the spreadsheets, provide disposal documentation contemporaneously. We worked with their ingester. We let them access the warehouse. And they still did not provide a final payment, which the district court found was basically an indication that we didn't know damages that would have been premature to file suit during the limitations period. You don't have to know the extent of damages to bring a contract claim. That's not an aspect of rightness. The insurer here, I have to go back, the insurer had presented to Exist that it was not possible to adjust the claim fully. That means that there is still, even if damages could have been a question mark at that stage, we did not have a final kind of adjustment or claim to file under. It was still fairly speculative all around. I have a question about, the notice of suit provision says the one-year limitations period applies unless it's invalid by the laws of the state within which the policy is issued. Everyone seems to assume that's New York. I just didn't see that on the face of the contract. Is that right? Can you shed any light on that? So the notice, the choice of law provision of the contract does reference federal maritime law if there is a gap that goes to New York state law. I guess the specific question is, was the policy issued in New York? I believe it was endorsed in New York. That's one of the factors in the Advani case that the district court had applied and found that a New York law was correct to apply. I'm sorry, was that your question, Your Honor? The question is, as a factual matter, was the policy issued in New York? The district court said that it couldn't determine and the party seemed to just jump straight into assuming that New York applied for purposes of law and there's the dispute of choice of law, obviously, but there doesn't seem to be any dispute about that, but I just wanted to confirm that if you could. So the district court did apply the Advani factors. There were five. There was choice of law provision of the contract, which was New York law. She gives considerable weight to agreement on New York law. It's the place of contract where the contract was negotiated, issued, and signed, which the court held was slightly in favor of New York as Tokyo Marine endorsed the policy. There was evidence in the record to suggest that they endorsed the policy in New York. There's a place of performance, which was New York and Florida. The location of the subject matter, which she found was navigable waters. And then the domicile, residence, nationality, placement, and incorporation of the parties, which for Tokyo Marine is New York and for Exist is Florida. And so applying those factors, she concluded that it was New York that had the most contacts and so she applied New York choice of law. We may look back at New York law, whatever route we take, but do you agree that the Supreme Court said in Great Lakes that the choice of law clause in a maritime contract is presumptively valid subject to rare exceptions? Yes, correct. So did the district court err in skipping over Great Lakes? No, I believe the district court properly did the analysis that was required. She applied the choice of law clause. She applied, you know, first it's premised on federal maritime law. If there are lacunae in that body of law, it goes to New York state law. And that's what she did properly. We maintain that the district court correctly found that Tokyo Marine failed to authenticate Exist's loss, accurately adjust the claim, pay Exist for its covered losses, so it breached the policy, and the court finally correctly denied Tokyo Marine's motion to dismiss consequential damages because these flow, as the court is aware, the flow is a matter of law when they are foreseeable unless the policy explicitly eliminates them. Here, we do not have a no consequential damages clause. There is a no consequential loss statement in the warehouse endorsement to the policy that concerns transit of goods and arrival of the warehouse. This is not loss, excuse me, this is not damages, which is a separate inquiry. Excuse me, as the court in by economy market and Panacea States has held here, Exist was deprived of liquidity that it needed to reinvest due to Tokyo Marine's claim. Before you sit down, I want to be sure I understand your theory about what remained undone during the one-year period that prevented you from filing suit. The final payment, the final adjustment. So, we have, we accept that there was, you know, the destruction happened in 2020 or even 2021, but the last payment was, that's largely irrelevant because the last payment did not occur until July of 2021. So, your theory is that you're excused from compliance with the one-year provision in the insurance contract because you hadn't, you got some, but not all of your money. That's correct. With that, we respectfully submit that the district court's order should be affirmed in all aspects. Thank you. Thank you. Your Honor, I'll try, I'll be brief and see if I can get us out of here in less than three minutes. On the consequential damages, I just believe counsel misstates the verbiage of the policy. I have it right here in front of me. Endorsement three, subsection D, perils excluded. This extension does not insure C, loss or damage due to delay, loss of market, loss of use, interruption of business or consequential loss of any nature. So, I would just simply submit to your Honor that the policy expressly excludes a consequential loss of any kind. I want to just touch on a couple of things that were said. In terms of, I think, Judge Barker, you asked about what we did to induce them or get them to waive or something to that effect. There's two things you'll not find in the 1,500 pages of the record. One is Exist Ever asking for Tokyo Marine for an extension of the suit time. Two, the other thing you will never find in there is Tokyo Marine ever affirmatively saying we are not going to enforce that suit time bar. They do not exist in there. So, I don't believe that we did anything to induce or signify that we were going to waive our right to enforce a contractual time limitation. Your Honor asked about Great Lakes. Great Lakes, Raiders Realty, that was the hot topic on choice of law. Maritime choice of law causes presumptively enforceable and Wilburn Boat does not override them. They argued Wilburn Boat overrode them. There's no insurance exception. The policy states that it is Federal maritime law and in the absence of Federal maritime law then we would defer to New York law. But there is well versed Federal maritime law on one year time bars. So, I think that it was a misstep by the court to jump over straight to New York law rather than go to Federal maritime law. The notice of supervision I asked your friend this refers to the laws of the state in which the policy was issued.  As I understand that the policy was issued out of Tokyo Marina in New York their address is I think it's 1551 Avenue of Americas. Okay. So, would that provision not apply New York law for purposes of interpreting that section that the limitations period is valid unless it's prohibited by the laws or invalid by the laws of the state in which the policy is valid.  I think             go to Federal maritime law rather than go to Federal maritime law rather than go to New York law rather than go to Federal maritime law rather than go to    is the provisions in Federal maritime law govern this problem. Correct. That is the exact verbiage of the provision. Well, the notice of suit clause says commenced within one year provided that if such limitation is invalid by the laws of the state in which the policy is issued then such suit shall be barred unless commenced within the shortest time period permitted by the  of that state. So that provision would tell us we have to look to New York law and ask ourselves is it one year barred under the  of New York law? But New York law has a reasonability test embedded in it, doesn't it? I just don't understand why we would skip over the portion of   maritime common law or the laws of the  of New York law? I don't know. Thank you. Thank you both and we'll take the matter under advisement. Thank you.